UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
DAVID SHAW,

                        Petitioner,

                    -v.-                                  9:06-CV-1255
                                                              (GLS)(DRH)

MICHAEL CORCORAN, Superintendent,

                        Respondent.
------------------------------------------------------------------------
APPEARANCES:

DAVID SHAW
Petitioner, *pro se*
74-D-0114

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

**I.    BACKGROUND.**

Presently before the Court is an amended habeas corpus petition filed by David Shaw ("petitioner" or "Shaw") in accordance with this Court's Order dated December 4, 2006.

In his original petition Shaw complained of a June 27, 1974 judgment rendered in the Rensselaer County Court wherein Petitioner was convicted, after a jury trial, of murder and felony murder. Petitioner asserted that he was thereafter sentenced to two concurrent terms of twenty five years to life imprisonment. Petitioner's convictions were affirmed by the Appellate Division, Third Department on July 24, 1975.

The December Order noted that the Court was unable to determine if the petition was timely filed pursuant to 28 U.S.C. § 2244(d) because petitioner did not provide the Court with information regarding all appeals taken on his behalf. Docket No. 4. The

December Order also noted that if petitioner was attempting to assert a claim for equitable tolling, he had failed to set forth any facts in support of such a claim. *Id.*

## II.   THE AMENDED PETITION

The amended petition reveals that petitioner appealed his convictions to the Appellate Division, Third Department, and the convictions were affirmed on July 25, 1975. Petitioner remains unclear whether any appeal to the New York Court of Appeals was ever filed. However, as noted in the December Order:

> Because his conviction was final prior to April 24, 1996, the effective date of the AEDPA, Shaw was afforded the benefit of a one-year grace period in which to file a habeas corpus petition. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). Thus, his statute of limitations expired on April 24, 1997.

Docket No. 4.

Petitioner sets forth no facts to indicate that he is asserting a claim for equitable tolling in the amended petition, and offers no other indication of any tolling events that would have preserved petitioner's statute of limitations. Consequently, the present petition is time-barred under the AEDPA and must be dismissed.

WHEREFORE, it is hereby

ORDERED, that this action DISMISSED, and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner by **certified** mail.

IT IS SO ORDERED.

January 18, 2007
Albany, New York

*[signature]*
United States District Court Judge